# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MALIBU MEDIA, LLC, | : | |
| --- | --- | --- |
|     Plaintiff | : | |
| | : | No. 1:18-cv-01225 |
| v. | : | |
| | : | (Judge Kane) |
| WEI HO, | : | |
|     Defendant | : | |

## MEMORANDUM

Before the Court is Plaintiff Malibu Media, LLC ("Plaintiff")'s motion for default judgment against Defendant Wei Ho ("Defendant"). (Doc. No. 21.) Given that Defendant has yet to appear or defend in this action, no opposition to the motion has been filed. For the reasons that follow, the Court will grant the motion in part and enter default judgment in favor of Plaintiff and against Defendant.

## I. BACKGROUND

### A. Factual Background[1]

Plaintiff is a California limited liability company that owns the copyrights to various adult films, including ten films (the "Works") identified in Plaintiff's amended complaint.[2] (Doc. No. 14 ¶¶ 3, 8.) Defendant is an individual residing at 672 Cumberland Avenue, Apartment D, in Chambersburg, Pennsylvania. (Id. ¶ 9.) Plaintiff alleges that Defendant, without authorization, downloaded, copied, and distributed copies of each of the Works using the BitTorrent file

---

[1] Unless otherwise noted, the background information in this section is derived from Plaintiff's amended complaint. (Doc. No. 14.)

[2] The titles of the ten films and corresponding copyright information are included in an exhibit to Plaintiff's amended complaint. (Doc. No. 14-3.)

distribution network ("BitTorrent").³ (Id. ¶ 23.) Plaintiff asserts that its investigator was able to connect to the internet protocol (IP) address identified as belonging to Defendant and download pieces of digital media files that have been verified to contain digital copies of each of the Works from Defendant. (Id. ¶¶ 17-21.) Plaintiff asserts that it did not authorize, permit, or consent to the distribution of the Works by Defendant. (Id. ¶ 31.)

### B. Procedural Background

On March 13, 2018, Plaintiff initiated the instant action by filing a complaint against Defendant "John Doe subscriber assigned IP address 174.55.112.185" asserting a copyright infringement claim pursuant to 17 U.S.C. §§ 106 and 501. (Doc. No. 1.) Plaintiff filed an amended complaint on November 16, 2018, in which it asserts one claim of copyright infringement against Defendant pursuant to 17 U.S.C. §§ 106 and 501. (Doc. No. 14.) A review of the docket reveals that Defendant was served with copies of the summons and amended complaint on December 19, 2018, establishing a deadline for Defendant to file an answer or otherwise respond to the amended complaint of January 9, 2019. (Doc. No. 23.) As of the date of this Memorandum, Defendant has not appeared, answered, moved, or otherwise responded to Plaintiff's complaint. On February 14, 2019, Plaintiff requested an entry of default against Defendant (Doc. No. 19), and the Clerk of Court entered default against Defendant on the same date (Doc. No. 20). Plaintiff filed the instant motion for default judgment (Doc. No. 21) and a

---

³ According to Plaintiff, "BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network." (Doc. No. 14 ¶ 11.) Because users can interact with each other directly, they can avoid "intermediary host websites[,] which are subject to [Digital Millennium Copyright Act] take[-]down notices and potential regulatory enforcement actions." (Id.) "In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces. Users then exchange these small pieces among each other instead of attempting to distribute a much larger digital file." (Id. ¶ 12.) "After the infringer receives all of the pieces of a digital media file, the infringer's BitTorrent client software reassembles the pieces so that the file may be opened and utilized." (Id. ¶ 13.)

brief in support thereof (Doc. No. 22) on February 27, 2019. Because Defendant has not yet responded to the pending motion for default judgment, the Court deems Plaintiff's motion for default judgment unopposed. Accordingly, the motion is ripe for disposition.

## II. LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). See 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Once the Clerk of Court has entered a default, the party seeking the default may then move the Court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. See 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). "A finding that default judgment is appropriate, however, is not the end of the inquiry." Martin v. Nat'l Check Recovery Servs., LLC, No. 12-1230, 2016 WL 3670849, at *1

3

(M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." See Wright, et al., supra, at § 2688; Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) ("Consequently, before granting a default judgment, the Court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (citations omitted)). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." See E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

## III. DISCUSSION

Having reviewed the record, including Plaintiff's amended complaint, motion, supporting brief, exhibits, and accompanying affidavits, the Court finds that the entry of default judgment against Defendant and in favor of Plaintiff is appropriate. As an initial matter, the Court observes that Plaintiff's unchallenged allegations in the complaint, taken as true, state a legitimate cause of action based on copyright infringement because Plaintiff has alleged "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."[4] See In re McGraw-Hill Global Education Holdings LLC, 909 F.3d 48, 67 (3d Cir.

---

[4] The Court notes that the alleged infringements occurred after the effective date of copyright registration for nine of the ten works. The alleged infringement of the tenth work occurred before its effective date of registration. Because the date of effective registration of the tenth work is within three months of its date of first publication, however, Plaintiff is still entitled to recover statutory damages for its infringement. See 17 U.S.C. § 412(2); see also Malibu Media, LLC v. Yamada, No. 17-cv-1183, 2019 WL 1586813, at *3 (D.N.J. Apr. 12, 2019).

2018) (internal quotation marks omitted) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)).

Furthermore, the Court finds that each of the three Chamberlain factors weighs in favor of entering default judgment against Defendant. First, Plaintiff will be prejudiced if the Court declines to enter default judgment because Plaintiff is unable to proceed with the action due to Defendant's failure to respond and has no other means of recovering against Defendant. See Broad. Music, Inc. v. Kujo Long, LLC, No. 14-449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) ("Plaintiffs will be prejudiced . . . by their current inability to proceed with their action due to [the] [d]efendants' failure to defend."). Second, Defendant has not asserted a meritorious defense to Plaintiff's claims through the filing of an answer or other response to the complaint, or through the filing of a response to the instant motion. Consequently, the Court is unable to conclude from Defendant's silence that Defendant has a viable, litigable defense. See Laborers Local Union 158 v. Fred Shaffer Concrete, No.10-1524, 2011 WL 1397107, at *2 (M.D. Pa. Apr. 13, 2011). Third, the Court cannot discern from the record any excuse or justification for Defendant's default apart from Defendant's own culpability. Indeed, Defendant has failed to enter an appearance or file a timely answer to the complaint and has offered no reasons for his failure to do so. "A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful." Innovative Office Prods., Inc. v. Amazon.com, Inc., No. 10–4487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012). In the absence of an excuse or justification for Defendant's failure to participate in this litigation, the Court must conclude that the delay is the result of Defendant's culpable conduct. See Laborers Local Union 158, 2011 WL 1397107, at *2. Accordingly, the Court is

satisfied that the Chamberlain factors counsel in favor of entering default judgment in favor of Plaintiff.

      **A.**      **Statutory Damages**

Plaintiff has requested that the Court award it $15,000.00 in statutory damages, which is equal to $1,500.00 per violation. (Doc. No. 22 at 17.) Copyright holders have the option of recovering statutory damages, rather than actual damages, from the infringer. See 17 U.S.C. § 504(a)(2). Prevailing claimants may recover between $750.00 and $30,000.00 in statutory damages for each infringement "as the [C]ourt considers just." See id. § 504(c)(1). Accordingly, "the Court looks to the facts in the [a]mended [c]omplaint as well as other evidence adduced by the Plaintiff to determine whether the requested statutory damage amount is appropriate." See Malibu Media, LLC v. Tsao, No. 15-cv-6672, 2016 WL 3450815, at *4 (D.N.J. June 20, 2016).

District courts considering similar infringement actions have found statutory damages between $750.00 and $2,250.00 per infringed work to be appropriate. See, e.g., Yamada, 2019 WL 1586813, at *3 ($750.00 per infringement); Tsao, 2016 WL 3450815, at *4-5 ($750.00 per infringement); Malibu Media, LLC v. Powell, No. 15-cv-1211, 2016 WL 26068, at *1 (M.D. Pa. Jan. 4, 2016) ($750.00 per infringement); Malibu Media, LLC v. Flanagan, No. 13-cv-5890, 2014 WL 2957701, at *4 (E.D. Pa. July 1, 2014) ($1,500.00 per infringement); Malibu Media, LLC v. Goodrich, No. 12-cv-1394, 2013 WL 6670236, at *11 (D. Colo. Dec. 18, 2013) ($2,250.00 per infringement). The Court concludes that in the instant case, in which Plaintiff has not provided the Court with evidence regarding its particular damages caused by the infringement or alleged that Defendant has profited from the infringements, $750.00 per infringement is an appropriate award, and such an award will deter future infringements by

6

Defendant and compensate Plaintiff. See Malibu Media, LLC v. Ramiscal (rejecting the plaintiff's request for statutory damages in the amount of $2,250.00 per infringed work and awarding the plaintiff statutory damages in the amount of $750.00 per infringed work after concluding that such an award would both deter future infringements and compensate the plaintiff). Accordingly, the Court will award Plaintiff a total of $7,500.00 in statutory damages.

### B. Injunctive Relief

Plaintiff also requests that the Court permanently enjoin Defendant from further infringing Defendant's rights in the Works and order Defendant to destroy all copies of the Works in Defendant's possession, custody, or control. (Doc. Nos. 21-1 at 4, 22 at 19.) A district court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." See 17 U.S.C. § 502(a). "Injunctions are appropriate against [d]efendants who have engaged in unlawful downloads to ensure the misconduct does not recur." Flanagan, 2014 WL 2957701, at *5 (citing Virgin Records Am., Inc. v. Bagan, 2009 WL 2170153, at *5 (D.N.J. July 21, 2009)). In determining whether to grant a permanent injunction, a district court is required to consider whether:

> (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest.

See Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001) (citing ACLU v. Black Horse Pike Reg'l Bd. of Educ., 84 F.3d 1471, 1477 nn.2-3 (3d Cir. 1996)).

First, although Defendant's default prevents the Court from deciding the case on its merits, Plaintiff has pled facts that support a default judgment against Defendant and, therefore, has shown success on the merits. See Flanagan, 2014 WL 2957701, at *5. Second, Plaintiff

7

asserts that Defendant may continue to infringe Plaintiff's copyrights and distribute the Works to numerous other individuals through BitTorrent. (Doc. No. 22 at 20-21.) Accordingly, Plaintiff has demonstrated that denial of the injunctive relief would result in irreparable injury. See Ramiscal, 2016 WL 8698533, at *6. Third, because the injunction would prohibit Defendant only from continuing to infringe Plaintiff's copyrights, it would not harm Defendant. See Tsao, 2016 WL 3450815, at *5. Finally, the prevention of copyright infringement serves the public interest. See Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1255 (3d Cir. 1983) (quoting Klitzner Indus., Inc. v. H.K. James & Co., 553 F. Supp. 1249, 1259-60 (E.D. Pa. 1982)) ("[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work."). In consideration of the aforementioned factors, the Court concludes that a permanent injunction is proper. Consistent with this conclusion, the Court also will order that Defendant destroy all copies of the Works that he has in his possession, custody, or control.

### C. Costs of Suit

Finally, Plaintiff requests to recover $745.79 in costs incurred in this action. (Doc. No. 22 at 24.) Pursuant to 17 U.S.C. § 505, "the [C]ourt in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof" and "the [C]ourt may also award a reasonable attorney's fee to the prevailing party as part of the costs." See 17 U.S.C. §505. Plaintiff has supported its request for costs with a declaration from Plaintiff's counsel that details the breakdown of costs incurred by Plaintiff in this case, "which includes a statutory filing fee of $400.00, ISP fees of $80.00 and process service fees of $265.79." (Doc. No. 22-2.) In light of Defendant's failure to appear or respond in this action

and the reasonableness of Plaintiff's requested costs, the Court will grant Plaintiff's request for an award of $745.79 in costs incurred in this action.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's motion for default judgment in part. (Doc. No. 21.) An appropriate Order follows.